UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

BISHOP PATRICK MICHAEL MILTON,

Petitioner,

vs.

RANDY VALLEY,

Respondent.

Case No. 1:23-CV-00520-BLW

**INITIAL REVIEW ORDER**

Petitioner Bishop Patrick Michael Milton (Petitioner) has filed a Petition for Writ of Habeas Corpus challenging his state court conviction. Dkt. 1. Federal habeas corpus relief is available to petitioners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each newly-filed habeas corpus petition to determine whether it should be summarily dismissed, amended, or served upon the respondent. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the Court must summarily dismiss the petition. Rule 4 of the Rules Governing Section 2254 Cases.

Having reviewed the Petition, the Court concludes that Petitioner may proceed to the next stage of litigation.

## REVIEW OF PETITION

### 1. Background

In a criminal case in the Fourth Judicial District Court in Ada County, Idaho, Petitioner was convicted of possession of a controlled substance, criminal trespass, and resisting arrest. He was sentenced to a unified term of imprisonment of five years. Petitioner filed several direct appeal actions, but it appears that they were rejected by the Idaho appellate courts, possibly on procedural grounds. *See* Dkt. 1, pp. 2-3.

### 2. Discussion of Threshold Procedural Issue: Exhaustion of State Court Remedies

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted,

though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Such a claim is considered "procedurally defaulted" in federal court. *Id*. at 731.

A threshold issue in this case will be whether the state appellate courts' rejection of Petitioner's direct appeal filings was based on an independent and adequate state law procedural ground. If that is the case, then Petitioner must meet one of the exceptions for procedurally defaulted claims. If not, he may be able to proceed to the merits of his claims.

A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either (1) legitimate cause for the default and prejudice resulting from the default, or, alternatively, (2) the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing, not merely that the errors [in his proceeding] created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *Herrera*, 506 U.S. at 404. A miscarriage of justice means that a constitutional violation probably has resulted in the conviction of someone who is actually innocent. *Murray*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make "a colorable showing of factual innocence." *Herrera*, 506 U.S. at 404. Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence that may establish factual innocence include "credible declarations of guilt by another," *Pitts v. Norris*, 85 F.3d 348, 351 (8th Cir. 1996) (citing *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992)), "trustworthy eyewitness accounts," *Schlup*, 513 U.S. at 324, and "exculpatory scientific evidence." *Pitts*, 85 F.3d at 351.

It is important to note the distinction that actual innocence is *not* a substantive claim that warrants relief in noncapital cases. *See Lee v. Lampert*, 653 F.3d 929, 934 (9th Cir. 2011) (en banc) (statute of limitations context) (relying on *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327)). Instead, if a petitioner brings forward evidence that demonstrates "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt", actual innocence serves only as a

"gateway" to permit the federal court to hear the petitioner's otherwise procedurally-barred constitutional claims on the merits. *Schlup*, 513 U.S. at 327.

**3. Discussion of Substance of Petitioner's Claims**

In Claim One, Petitioner alleges that the state court lacked in personam and subject matter jurisdiction over him. The basis for this claim is that Petitioner is not a United States citizen but an "Ecclesiastical Sovereign and duly recognized by Common-Law Court," and, hence, was not subject to arrest or prosecution as a result of immunity. Dkt. 1, p. 6.

Several issues arise with this claim. One is that theories by persons asserting that they are a "sovereign ecclesiastical 'state'" have been rejected by courts as "factually and legally frivolous." *Harley v. Cir. Ct. of Chesapeake*, No. 3:07CV439, 2008 WL 2626996, at *2 (E.D. Va. July 2, 2008) (finding that the plaintiff stated no cause of action under the Vienna Convention). *See also Tracy v. Cooley*, No. CV 09-8645 AHM DTB, 2010 WL 4318876, at *1 (C.D. Cal. June 15, 2010), *report and recommendation adopted*, No. CV 09-8645-AHM DTB, 2010 WL 4316971 (C.D. Cal. Oct. 25, 2010) (rejecting as without a legal and factual basis Plaintiffs' contention that they are immune under various federal statutes and international treaties as officers of a "Foreign Neutral Sovereign Ecclesiastical STATE", and as such, their constitutional rights were violated by the issuance of traffic citations).

A second is whether the question of state subject matter jurisdiction is beyond the province of the federal habeas court. Generally, federal courts have held that they have no jurisdiction to review a state court's determination of its own jurisdiction, which is a matter of state, not federal, law. See *Chandler v. Armontrout*, 940 F .2d 363, 366 (8th Cir. 1991); *United States v. Mancusi*, 415 F.2d 205, 209 (2nd Cir. 1969) ("no federal court to our knowledge has ever granted a writ where a state court's asserted lack of jurisdiction resulted solely from the provisions of state law").

Claim Two asserts that Petitioner is actually innocent of the crimes of which he was convicted. Federal habeas corpus is a unique and narrow cause of action. The United States Supreme Court has made it clear that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). This prohibition exists because "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Id*. (citing *Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923) (Holmes, J.) ("[W]hat we have to deal with [on habeas review] is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved."). Accordingly, a claim based solely on actual innocence is not cognizable on federal habeas corpus review.

Claim Three is that law enforcement officers unlawfully searched, seized, and arrested him in violation of his federal constitutional rights. Two issues arise.

One is that Petitioner asserts that "an Ecclesiastic Sovereign is not subject to arrest by any law enforcement except U.S. Marshal[] for a major felony not for a misdemeanor." Dkt. 1, p. 8. This, again, seems to rely on a frivolous theory, as discussed above.

The second is that Fourth Amendment search, seizure, and arrest claims are treated in a unique manner in habeas corpus actions. When a State has provided a defendant with an opportunity for full and fair litigation of a Fourth Amendment claim, it may not be relitigated by a federal district court in a habeas corpus action, "regardless of its view of the correctness of the state decision." *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977) (relying on *Stone v. Powell*, 428 U.S. 465, 481–82 (1976) (Fourth Amendment issues are not cognizable on federal habeas review)); *Caldwell v. Cupp*, 781 F.2d 714, 715 (9th Cir. 1986). Thus, the threshold issue for a Fourth Amendment claim is whether petitioner had an initial opportunity for a fair hearing in state court. *See Caldwell*, 781 F.2d at 715. The narrow question is "whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996); *see also Gordon v. Duran*, 895 F.2d 610, 613-14 (9th Cir. 1990). The petitioner bears the burden of establishing that the

state courts did not consider the Fourth Amendment claim fully and fairly. *Mack*, 564 F.2d at 901.

*Powell* does not specify a particular test for determining whether a state provided a defendant with an opportunity for full and fair litigation of a Fourth Amendment claim. To aid in determination of this question, federal district courts in the Ninth Circuit review the transcripts and briefing from the state trial and appellate courts. *See Terrovona v. Kincheloe*, 912 F.2d 1176, 1178-1179 (9th Cir. 1990) (citing *Abell v. Raines*, 640 F.2d 1085, 1088 (9th Cir. 1981)), *cert. denied*, 499 U.S. 979 (1991).

Claim Four asserts that Petitioner's convictions have resulted in a manifest injustice, because the state violated his constitutional rights at every stage of the criminal proceeding. Some of Petitioner's reasons supporting his claim arise from his frivolous sovereignty theory, for example, that the state court violated federal and international copyright laws by illegally using Petitioner's fictitious name, or that he was wrongly issued a trespassing citation, even though he remained at a rest area in his status as a sovereign.[1]

[1] Page 12 of Petitioner's habeas petition appears to have encountered a scanning error during filing. The top three-quarters of the page is blank, and only the bottom of the page has content: "no good reason. All state actions were in bad faith, extremely harmful & inhumane, this court must issue its Extra-Ordinary Writ of Habeas Corpus pursuant 28 U.S.C § 2254 granting all Rights, Entitlements & Renumerations [sic]." Dkt. 1, p. 12. Petitioner may re-file that page.

**4. Conclusion**

On their face, Petitioner's claims present obvious procedural and substantive challenges. The Court is permitted to dismiss the claims outright, but will proceed to review the state court record in this matter and a response from Respondent. The Court will have the Petition served on Respondent, who may file a pre-answer motion for summary dismissal on any grounds identified in this Order, or any other grounds evident from the record (which the Court has not reviewed), including lack of merit.[2]

**ORDER**

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 1), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.
2. Within **120 days** after Respondent is served with the pleadings, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be

[2] Federal courts are not required to address a procedural issue before deciding *against* the petitioner on the merits. *Lambrix v. Singletary*, 520 U.S. 518 (1997); *cf. Franklin v. Johnson*, 290 F.3d 1223 (9th Cir. 2002) ("appeals courts are empowered to, and in some cases should, reach the merits of habeas petitions if they are, on their face and without regard to any facts that could be developed below, clearly not meritorious despite an asserted procedural bar"). Thus, where a procedural question presents a complicated question of law and is unnecessary to a disposition of the case, a court may proceed to the merits. *Hudson v. Jones*, 351 F.3d 212 (6th Cir. 2003); *Nobles v. Johnson*, 127 F.3d 409, 423-24 (5th Cir. 1997) (deciding against the petitioner on the merits even though the claim was procedurally defaulted).

followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first will determine the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural defenses, the Court next will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

3. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

4. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer.

Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

5. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.
6. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.
7. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.
8. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.
9. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the

applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

11. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

12. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED: February 5, 2024

B. Lynn Winmill
U.S. District Court Judge