UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BISHOP PATRICK MICHAEL MILTON,<br><br>                    Petitioner,<br><br>vs.<br><br>RUSSELL ROSS (substituted for RANDY VALLEY),<br><br>                    Respondent. | Case No. 1:23-CV-00520-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Petitioner Bishop Patrick Michael Milton (Petitioner) filed a Petition for Writ of Habeas Corpus challenging his state court convictions. (Dkt. 1.) Now pending is Respondent's Motion for Summary Dismissal, which is fully briefed and ripe for adjudication. (Dkts. 16, 19.) Having reviewed the briefing on the request for summary dismissal, the Court finds that oral argument is unnecessary and enters the following Order.

## REVIEW OF SUMMARY DISMISSAL MOTION

### 1. Background

In November 2022, the state initiated criminal charges against Petitioner in three separate cases. In Ada County Case No. CR01-22-35493, Petitioner was charged with

trespassing. (State's Lodging A-4.) In Ada County Case No. CR01-22-35551, he was

charged with possession of methamphetamine, marijuana, and drug paraphernalia and

obstructing an officer. (State's Lodging A-5.) In Ada County Case No. CR01-22-36664,

he was charged with possession of methamphetamine. (State's Lodging A-6.)

 The three cases were consolidated for trial. (State's Lodgings A-7, A-8.) After a

three-day trial in April 2023 (State's Lodgings A-10; A-11; A-12), the jury found

Petitioner guilty of five charges in three cases. (*See* State's Lodging A-13 at 1.)

The judgment of conviction was signed by the judge on June 20, 2023, but was not

entered on the docket by the Clerk of Court until July 5, 2023. (*Id*. at 5, 1.) Idaho

Appellate Rule 14(a) requires that a notice of appeal be filed within 42 days of the clerk's

entry of judgment (July 5, 2023), which was August 16, 2023.

Petitioner filed a "Motion to Appeal And/Or Squash Null+Void Ruling on Motion

to Dismiss or Suppress" (hereafter "notice" or "notice of appeal") with other documents.

(State's Lodging A-15 at 16-18.) The certificate of mailing on the notice (signed under

penalty of perjury but not notarized) stated that the notice was placed in the prison

mailing system on June 21, 2023 (State's Lodging A-14 at 5), one day after the judge

signed the judgment of conviction. The Idaho Supreme Court date stamp on the notice

shows it was received directly by the Idaho Supreme Court on June 26, 2023 (*see* State's

Lodging A-15 at 16), but the date stamp is somewhat unclear and should be verified by

other Idaho Supreme Court records. There is also a second Idaho Supreme Court date

**MEMORANDUM DECISION AND ORDER - 2**

stamp that was stamped sideways on the document, but the date is indecipherable. (*Id.*)

The problems are that the direct-filed Idaho Supreme Court notice of appeal (1) was filed after the jury trial verdict and after the judge signed the judgment of conviction, but before sentencing and before the final judgment was formally entered by the state clerk of court; and (2) should have been filed in the state district court, not in the supreme court. After final judgment was entered, Petitioner re-filed the same documents, this time with the state district court, on September 5, 2023, according to the date stamp that is stamped on the same document that shows it was filed in the state supreme court on June 26, 2023. (*See* State's Lodging A-15 at 16).

In the Motion for Summary Dismissal, Respondent contends that all claims are procedurally defaulted and some claims are non-cognizable.

## 2. Consideration of Untimely State Appeal and Procedural Default Argument

The Court first addresses Respondent's argument that all of Petitioner's federal habeas corpus claims are procedurally defaulted, because they were never properly presented to the Idaho Supreme Court, and thus the Idaho Supreme Court did not rule on the merits of Petitioner's claims.

### A. *Standard of Law*

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state

**MEMORANDUM DECISION AND ORDER - 3**

court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Such a claim is considered "procedurally defaulted" in federal court. *Id*. at 731.

### B. *Discussion*

Resolution of the first issue is easy: A premature notice of appeal becomes valid upon final entry of judgment. Idaho Appellate Rule 17(e)(2)("A notice of appeal filed from an appealable judgment, order or decree before formal written entry of such document shall become valid upon the filing and the placing the stamp of the clerk of the court on such appealable judgment, order or decree, without refiling the notice of appeal."). *See Spokane Structures, Inc. v. Equitable Inv., LLC*, 226 P.3d 1263, 1268 (Idaho 2010).

Resolution of the second issue is more difficult. As to place of filing, "[a]ny

**MEMORANDUM DECISION AND ORDER - 4**

appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right in any civil or criminal action." I.A.R. 14. The Court finds no on-point Idaho case law in its research of this issue.

There does not appear to be an Idaho appellate rule that addresses what happens when a litigant files the notice of appeal in the wrong state court. For example, in Texas, the state court permitted such a mis-filed notice of appeal, but only because a state rule existed to address the situation:

> We conclude that, because the rules of appellate procedure required the clerk of the court of appeals to forward appellant's notice of appeal to the trial-court clerk, and because his notice of appeal was actually received by the convicting court within the time limits established under the mailbox rule, appellant's apparent mistake in sending his notice of appeal to the court of appeals instead of to the district-court clerk was, at most, a harmless procedural defect that did not render the notice of appeal untimely. *See* Tex. R. App. P. 9.2(b); 25.2(c)(1). We, therefore, reverse the dismissal by the court of appeals and remand for further proceedings consistent with this opinion.

*Taylor v. State*, 424 S.W.3d 39, 41 (Tex. Crim. App. 2014).

Because the second issue cannot be resolved on the record before the Court, the motion will be denied without prejudice on procedural default grounds. The Court now turns to Respondent's argument that most of Petitioner's claims are non-cognizable.

**MEMORANDUM DECISION AND ORDER - 5**

### 3.  Consideration of Dismissal on Non-Cognizability Grounds

Respondent argues that Claims 1, 2, 3, and a portion of claim 4 are non-cognizable in a federal habeas proceeding, which would leave only a portion of Claim 4 to be adjudicated on the merits under a de novo standard of review.

In Claim 1, Petitioner contends the state court lacked jurisdiction over him because he is not a United States Citizen but is, in fact, an "Ecclesiastic Sovereign." (Dkt. 1 at 6.) In the Initial Review Order (Dkt. 7 at 5-6), this Court recognized this claim as non-cognizable in a federal habeas proceeding because federal courts lack jurisdiction to review a state court's determination of its own jurisdiction, which is a matter of state, not federal law. *See Chandler v. Armontrout*, 940 F.2d 363, 366 (8th Cir. 1991); *United States v. Mancusi*, 415 F.2d 205, 209 (2nd Cir. 1969). Additionally, this Court notified Petitioner that "sovereign ecclesiastical" claims have been rejected by courts as "factually and legally frivolous." (Dkt. 7 at 5 (citations omitted).) Petitioner has not made any argument to properly rebut these preliminary conclusions. Therefore, Claim 1 will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

In Claim 2, Petitioner asserts he is actually innocent. (Dkt. 1 at 7.) As this Court recognized in the Initial Review Order (Dkt. 7 at 6), stand-alone actual innocence claims are non-cognizable in federal habeas petitions. *Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("[c]laims of actual innocence based on newly discovered evidence have never

been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding").

For purposes of using actual innocence as a "gateway" for the Court to hear a cognizable claim that is procedurally defaulted, the petitioner must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence that may establish factual innocence include "credible declarations of guilt by another," *Pitts v. Norris*, 85 F.3d 348, 351 (8th Cir. 1996) (citing *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992)), "trustworthy eyewitness accounts," *Schlup*, 513 U.S. at 324, and "exculpatory scientific evidence." *Pitts*, 85 F.3d at 351. The evidence supporting the actual innocence claim must be "newly presented" evidence of actual innocence, meaning that it was not introduced to the jury at trial; it need not be "newly discovered," meaning that it could have been available to the defendant during his trial. *Griffin v. Johnson*, 350 F.3d 956, 962–63 (9th Cir. 2013).

Even if this Court could consider this claim as a stand-alone claim, or if this claim is considered only as a "gateway" claim, under the foregoing standards for a showing of "actual innocence," Petitioner has provided nothing of substance in his Response that shows he may be actually innocent of the five crimes of which he was convicted.

**MEMORANDUM DECISION AND ORDER - 7**

Claim 2 is based on the fact that the state crime lab expert testified that she had no evidence that the controlled substances were ever in Petitioner's possession. Petitioner asserts that the State failed to prove its burden, despite Petitioner's conviction. The actual innocence exception requires a showing of *new* evidence that was *not presented* to the jury. *See Griffith*, 350 F.3d at 962-63 (explaining that *new* means newly presented not newly discovered). Petitioner does not meet this exception with the allegations supporting Claim 2. (Dkt. 1 at 7.) This claim will be dismissed with prejudice because it is non-cognizable and fails to state a claim upon which relief can be granted.

In Claim 3, Petitioner contends officers performed unlawful searches and seizures to obtain the evidence that underlies his convictions. (Dkt. 1 at 8.) To the extent Petitioner asserts, within this claim, that the searches and seizures were unlawful due to his status as an "Ecclesiastic Sovereign," such claims are non-cognizable for the same reasons as set forth above with respect to Claim 1.

To the extent Claim 3 asserts Fourth Amendment violations, such claims are also non-cognizable unless Petitioner demonstrates he did not have a full and fair opportunity to litigate the claims in state court. *State v. Powell*, 428 U.S. 465 (1976). "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). *See also Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1996). The petitioner bears the burden of establishing that the state courts did not

**MEMORANDUM DECISION AND ORDER - 8**

consider the Fourth Amendment claim fully and fairly. *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977).

Respondent asserted in the briefing that, "[t]here is no indication in the available state court record that Petitioner was somehow precluded from raising Fourth Amendment claims in his underlying trial proceeding." (Dkt. 16-1 at 14.) In addition, the Court notified Petitioner of this required threshold showing in the Initial Review Order. (Dkt. 7 at 7-8.) Plaintiff has had adequate opportunity to bring forward facts to show he was denied this opportunity in state court, so that he could make the threshold showing required before a federal habeas court can hear a Fourth Amendment claim. He has not done so. He will be given opportunity to do so in an amended petition, as described below.

In Claim 4, Petitioner asserts "manifest injustice," a claim which includes numerous subclaims. (Dkt. 1 at 9-12.)  Respondent argues that, while this claim and its associated sub-claims are somewhat difficult to construe and identify, to the extent any of the included claims rely upon Petitioner's sovereignty theory, they are, as this Court notified Petitioner in the Initial Review Order (Dkt. 7 at 8), non-cognizable for the same reasons as noted above with respect to Claim 1. The Court agrees.

Further, the Court and Respondent are not required to attempt to sort through pleadings that are haphazard, largely indecipherable, and overlain with a frivolous sovereignty theory. It is Petitioner's job to clearly and concisely present his claims to the

**MEMORANDUM DECISION AND ORDER - 9**

federal court and in a manner that a respondent can understand them and respond. When

faced with a similar petition, another federal district court observed and ordered:

> Petitioner merely "incorporates" a 51-page pro se habeas
> petition that contains approximately 40 single-spaced
> handwritten pages, without any clarification or explanation,
> leaving the Court and Respondent to comb through the habeas
> petition in search of Petitioner's claims. The pro se habeas
> petition is confusing, rambling, and at times, unintelligible.
> The Court cannot be charged with trying to decipher the
> precise nature of Petitioner's grounds for relief from the mere
> reference to this pro se pleading. *See Indep. Towers of Wash.
> v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[J]udges
> are not like pigs, hunting for truffles buried in briefs."
> (citation omitted)).

*Cruz v. Jones*, No. 2:24-CV-00410-FMO (JDE), 2024 WL 3280896, at *4 (C.D. Cal.

June 14, 2024), *report and recommendation adopted*, No. 2:24-CV-00410-FMO-JDE,

2024 WL 3277763 (C.D. Cal. July 2, 2024).

The Court will provide Petitioner with an opportunity to submit an amended

petition that focuses only on the facts supporting an assertion that he did not receive an

adequate state-court opportunity to be heard on the Fourth Amendment issues in Claim 3

and subclaims supported by cognizable legal theories from Claim 4. Claims based on

Petitioner's sovereignty theory **must not** be included. Petitioner is notified that all of his

sovereignty theory claims are preserved for appellate review because they were included

in his original federal Petition.

Here, Petitioner bears the burden to specify the grounds for relief in Claim 4 as

required by Rule 2(c) of the Habeas Rules, which requires Petitioner to state all grounds

**MEMORANDUM DECISION AND ORDER - 10**

for relief and the facts supporting each ground. *See Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting 28 U.S.C. § 2243) ("A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'"); *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (as amended) (in federal habeas corpus proceedings, "'notice' pleading is not sufficient").

Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (summary dismissal is warranted where claims are incredible or frivolous).

The amended petition must be organized in a neat and orderly subclaim-by-subclaim manner, with each subclaim from Claim 4 that is not based on a sovereignty theory being numbered and containing three supporting subsections (a) its federal legal basis (which can be a citation to a constitutional provision or amendment, like "the Fifth Amendment," or a one-sentence description of its unconstitutionality without a legal citation, like, "this violated my right to confront my accusers in open court"); (b) the facts supporting the subclaim; and (c) a brief argument of one to three paragraphs stating why the facts provided amount and any court action taken amount to a violation of the federal Constitution.

**MEMORANDUM DECISION AND ORDER - 11**

Petitioner is placed on notice that failure to comply with this Court Order will result in dismissal of his remaining Claims with prejudice for failure to comply with a court order. District courts have the inherent power to control their dockets and, "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case." *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986). *See Gomez v. J. MacDonald,* No. ED CV 13-01367-VBF, 2014 WL 4059938, at *7 (C.D. Cal. Aug. 14, 2014) (dismissing habeas case with prejudice for failure to follow a court order because petitioner Gomez did not comply with the prior order's directive to file a habeas petition which he has personally signed and verified); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) (holding that the district court did not abuse its discretion in dismissing Ferdik's civil rights case because he failed to obey the court's order requiring him to refile a second amended complaint that complied with the requirements of Rule 10(a)).

### 4. Petitioner's Objection

Petitioner has also filed an "Objection," stating, alongside his assertions that have no basis in law, that the documents the Court suggested he provide to support a cause and prejudice argument are not in his possession, but are in the possession of Respondent or Ada County. (Dkt. 30.) Petitioner states that he has not attempted to obtain these documents, because, "should Petitioner attempt to secure said documents, & become

unsuccessful, due to the adversarial nature of the proceedings & documents being in the custody of defined opponents, Petitioner would have given credence to the aforestated misdeeds of Respondent & others." (Dkt. 30 at 1-2.)

Petitioner has not identified the subject matter of any of these documents to show they are pertinent to the questions at issue. He is amiss in believing that he can fail to exercise diligence to obtain the documents for the reasons stated in his objection. Further, he states no basis for having filed the "objection" six months *after* he filed his Response to the Motion for Summary Dismissal. Accordingly, his Objection will be denied.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Objection (Dkt. 30) is DENIED. To the extent it purports to be a "notice of appeal," it is premature and will not be forwarded to the United States Court of Appeals. When the Court enters a final Order and Judgment, Petitioner may file a notice of appeal. At that time, all alleged errors in any of the Court's orders throughout the entire proceeding may be included as claims for the Court of Appeals to Review. It is not necessary to file a notice of appeal after each non-final order of the Court; in fact, it accomplishes nothing and is wasteful of public resources to do so.

2. Respondent's Motion to Dismiss (Dkt. 16) is DENIED without prejudice in part as to the procedural default argument and GRANTED in part as to

dismissal with prejudice as to Claims 1, 2, and those subclaims in Claims 3 and 4 that rely on Petitioner-as-a-sovereignty legal theory.

3. Respondent may renew the motion to dismiss on procedural default grounds, if state courts records that would support dismissal exist.

4. Petitioner must file an amended petition **within 30 days** after entry of this Order to avoid dismissal of the remaining claims with prejudice. The amended petition must comply with the guidelines set forth above, or the amended petition, and this entire action, will be dismissed with prejudice for failure to comply with a court order.

5. The Court will again review the amended petition before Respondent is required to respond.

DATED: March 31, 2025

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER** - 14