UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BISHOP PATRICK MICHAEL MILTON,<br><br>                Petitioner,<br><br>vs.<br><br>RUSSELL ROSS,<br><br>                Respondent. | Case No. 1:23-CV-00520-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

      Earlier in this case, the Court ordered Petitioner Bishop Patrick Michael Milton to file an amended habeas corpus petition containing only his Fourth Amendment claim (formerly Claim 3). Dkt. 31. Petitioner has filed his Amended Petition. Dkt. 35. Also pending before the Court is Petitioner Bishop Patrick Milton's Motion to Enter Final Order. Dkt. 40.

## REVIEW OF AMENDED PETITION

### 1. Failure to Follow Court Order

      The Court ordered Petitioner to include only Claim 3, the Fourth Amendment claim, in his Amended Petition. Dkt. 31. The Court ordered Petitioner not to made any additional arguments about his asserted status as an ecclesiastical sovereign. Petitioner was notified that his dismissed claims and arguments were already preserved for appeal

**MEMORANDUM DECISION AND ORDER - 1**

because they were included in the original Petition. *Id*. Petitioner was warned that failure to follow the Order would be grounds for dismissal. Petitioner was warned that district court authority included power to impose sanctions, including dismissal of a case. *See Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112, 93 L.Ed.2d 60 (1986). *See Gomez v. J. MacDonald,* No. ED CV 13-01367-VBF, 2014 WL 4059938, at *7 (C.D. Cal. Aug. 14, 2014) (dismissing habeas case with prejudice for failure to follow a court order because petitioner Gomez did not comply with the prior order's directive to file a habeas petition which he has personally signed and verified); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *as amended* (May 22, 1992) (holding that the district court did not abuse its discretion in dismissing Ferdik's civil rights case because he failed to obey the court's order requiring him to refile a second amended complaint that complied with the requirements of Rule 10(a)).

Petitioner has not followed the Court's Order and has included other claims and has reiterated his arguments about his sovereignty in his Amended Petition. Accordingly, the Amended Petition is subject to dismissal under Federal Rue of Civil Procedure 41(b).

### 2. Non-Cognizable and Frivolous Claims

Alternatively, Claim 1, actual innocence, has been dismissed in a prior Order as a non-cognizable claim, and no additional information in the Amended Complaint shows that the Court should reconsider its decision. Dkt. 31.

Claim 3 asserts that the charging instrument in Petitioner's state criminal case was defective because it named "PATRICK MICHAEL MILTON" and not his true and lawful identity. Because this claim is based on Petitioner's frivolous sovereignty theory, it is subject to dismissal for failure to state a claim upon which relief can be granted.

### 3. Fourth Amendment Claim

Claim 2 (formerly Claim 3) is the Fourth Amendment claim Petitioner was authorized to bring. He reiterates the facts supporting his claim that his "sovereign mobile domicile" and his person were unlawfully searched by law enforcement officers but fails to discuss the threshold issue the Court ordered him to address.

The Court was very clear in its prior Order (Dkt. 31) in notifying Petitioner that Fourth Amendment claims are non-cognizable on federal habeas corpus review unless Petitioner demonstrated he did not have a full and fair opportunity to litigate the claims in state court. *State v. Powell*, 428 U.S. 465 (1976). The Court had also notified Petitioner of this required threshold showing in the Initial Review Order. Dkt. 7 at 7-8. He was ordered to focus only on facts showing he did not receive an adequate state-court opportunity to be heard on the Fourth Amendment issues. Dkt. 31.

The Court notified Petitioner that the amended petition was his final opportunity to bring forward his facts. Petitioner was notified that the standard of law was as follows. "The relevant inquiry is whether petitioner had the opportunity to litigate his claim, not whether he did in fact do so or even whether the claim was correctly decided." *Ortiz-*

**MEMORANDUM DECISION AND ORDER - 3**

*Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). *See also Gordon v. Duran*, 895 F.2d 610, 613 (9th Cir. 1996). The petitioner bears the burden of establishing that the state courts did not consider the Fourth Amendment claim fully and fairly. *Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977).

Petitioner cites *Martin v. City of Boise*, 902 F.3d 1031 (9th Cir. 2018), *opinion amended and superseded on denial of reh'g*, 920 F.3d 584 (9th Cir. 2019), for the proposition that "it is unconstitutional to criminalize 'humanness.'" Dkt. 35. One of Petitioner's convictions was for "trespass – failure to depart." *See* State's Lodging A-1. He asserts his motorhome was broken down and he could not leave a rest area. The holding of *Martin* is that the Eighth Amendment prohibits the imposition of criminal penalties for sitting, sleeping, or lying outside on public property on homeless individuals who could not obtain shelter. 902 F.3d at 1049. The particular statute at issue in *Martin* has nothing to do with motor homes broken down in a public rest area where there are time limits for overnight parking.

Nor does *Martin* address whether Petitioner was prevented from presenting his Fourth Amendment defenses to the state court. In addition, *Martin* and its holding were overruled by the United States Supreme Court in *City of Grants Pass, Oregon v. Johnson*, 603 U.S. 520, 560 (2024) ("The Constitution's Eighth Amendment serves many important functions, but it does not authorize federal judges to wrest those rights and

**MEMORANDUM DECISION AND ORDER - 4**

responsibilities from the American people and in their place dictate this Nation's homelessness policy").

Petitioner also argues that officers searched his motor home and person without probable cause or a search warrant at least twice. He asserts he was never in possession of methamphetamine, but officers made up that charge to cover up their unlawful search. He states that a post-arrest blood test showed he had no drugs in his system or any in his possession. Petitioner was warned that the merits are not at issue. These assertions fail to address whether Petitioner was prevented from presenting his Fourth Amendment defenses to the state court.

Respondent pointed out in briefing that, "[t]here is no indication in the available state court record that Petitioner was somehow precluded from raising Fourth Amendment claims in his underlying trial proceeding." Dkt. 16-1 at 14. The Court has independently reviewed the state court record from Petitioner's criminal case. Dkt. 15. Petitioner represented himself. It does not appear that he sought to present his Fourth Amendment arguments in his criminal case, nor does it appear that the state court prevented him from doing so. This Court agrees with Respondent that Petitioner has not met his burden to show that he did not have a full and fair opportunity to litigate his claim during his state criminal proceedings; therefore, he is precluded from asserting that claim on federal habeas corpus review.

**MEMORANDUM DECISION AND ORDER - 5**

## CONCLUSION

Claims 1 and 3 in the Amended Petition are non-cognizable and therefore subject to dismissal. Alternatively, they also transgress the Court's Order to omit them from the Amended Petition, rendering the entire Amended Petition subject to dismissal under Rule 41(b).

Alternatively, Petitioner has not shown that he did not have a full and fair opportunity to litigate his Fourth Amendment claim during his state criminal proceedings. Therefore, Claim 2 is subject to dismissal for failing to meet the threshold requirement to permit this Court to adjudicate his claim on federal habeas corpus review.

Having adjudicated all of Petitioner claims in this Order and the Orders found at Docket Nos. 7 and 31, the Court dismisses the Petition and Amended Petition (Dkts. 1, 35) with prejudice.

## ORDER

**IT IS ORDERED:**

1. The Petition and Amended Petition (Dkts. 1, 35) are DISMISSED with prejudice.
2. Petitioner's Motion to Enter Final Order (in his favor) (Dkt. 40) is DENIED.
3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Rule 11 of the Rules Governing Section 2254 Cases. If Petitioner files a

timely notice of appeal, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the United States Court of Appeals for the Ninth Circuit. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: August 27, 2025

B. Lynn Winmill
U.S. District Court Judge